12021689

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Misc. No. _____ |
| | ) | |
| HUDSON PALMER HOMES, INC. f/k/a | ) | Chapter 7 |
| THE CUTLER GROUP, INC., | ) | |
| | ) | |
| Debtor. | ) | Bankruptcy Case No. 18-17509 (JKF) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| NAVIGATORS SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-00146 (JKF) |
| | ) | |
| v. | ) | |
| | ) | |
| HUDSON PALMER HOMES, INC., f/k/a | ) | |
| THE CUTLER GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF NAVIGATORS SPECIALTY INSURANCE COMPANY
## FOR WITHDRAWAL OF REFERENCE

Navigators Specialty Insurance Company ("Navigators"), through its undersigned counsel, hereby files this Motion for Withdrawal of Reference, and in support thereof states as follows:

12021689v1

1. Navigators will rely upon the Brief in Support of Motion of Navigators for Withdrawal of Reference, filed herewith, and the oral argument of counsel on the return date.

Dated: September 5, 2019

Respectfully submitted,

**SPILMAN THOMAS & BATTLE, PLLC**

By: /s/ Julian E. Neiser
Julian E. Neiser
Pa. Id. No. 87306

One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA  15219

T:  (412) 325-1116
F:  (412) 325-3324
E:  jneiser@spilmanlaw.com

*Attorneys for Navigators Specialty Insurance Company*

12021689

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Misc. No. _____ |
| | ) | |
| HUDSON PALMER HOMES, INC. f/k/a THE CUTLER GROUP, INC., | ) ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Bankruptcy Case No. 18-17509 (JKF) |
| | ) | |
| NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-00146 (JKF) |
| | ) | |
| v. | ) | |
| | ) | |
| HUDSON PALMER HOMES, INC., f/k/a THE CUTLER GROUP, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION OF NAVIGATORS SPECIALTY INSURANCE COMPANY FOR WITHDRAWAL OF REFERENCE**

**PLEASE TAKE NOTICE** that on _____. 2019 at _____ ___.m. Eastern Standard Time, or as soon thereafter as counsel may be heard, plaintiff, Navigators Specialty Insurance Company ("Navigators") shall move pursuant to title 28 U.S.C. §157(d), Bankruptcy Rule 5011, and Eastern District of Pennsylvania Local Bankruptcy Rule 5011-1, for an order withdrawing the reference to the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that in support of the within motion, Navigators will rely upon the Brief in Support of Motion of Navigators for Withdrawal of Reference, filed herewith and the argument of counsel on the return date.

12021689v1

**PLEASE TAKE FURTHER NOTICE** that oral argument is hereby requested if timely opposition is filed for the within motion.

Respectfully submitted,

Dated: September ____, 2019

*/s/ Julian E. Neiser*
Julian E. Neiser (PA I.D. 87306)
Spilman Thomas & Battle, PLLC
301 Grant Street, Suite 3440
Pittsburgh, PA 15219
Telephone: (412) 325-3304
jneiser@spilmanlaw.com

*Counsel to Navigators Specialty Insurance Company*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Misc. No. _____ |
| | ) | |
| HUDSON PALMER HOMES, INC. f/k/a | ) | Chapter 7 |
| THE CUTLER GROUP, INC., | ) | |
| | ) | |
| Debtor. | ) | Bankruptcy Case No. 18-17509 (JKF) |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| NAVIGATORS SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-00146 (JKF) |
| | ) | |
| v. | ) | |
| | ) | |
| HUDSON PALMER HOMES, INC., f/k/a | ) | |
| THE CUTLER GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION OF
NAVIGATORS SPECIALTY INSURANCE COMPANY
<u>FOR WITHDRAWAL OF REFERENCE</u>**

**<u>PRELIMINARY STATEMENT</u>**

This action is an adversary proceeding commenced by the removal from state court of an action originally brought in 2017 by Navigators Specialty Insurance Company ("<u>Navigators</u>") against Hudson Palmer Homes, Inc. f/k/a The Cutler Group, Inc. (the "<u>Debtor</u>") in the Court of Common Pleas of Montgomery County, Pennsylvania (the "<u>State Court Action</u>"). The State Court Action seeks rescission of Policies (defined herein) in accordance with Pennsylvania law because Debtor made numerous misrepresentations and/or omissions from the applications for insurance on the Policies regarding, *inter alia*, loss history, out-of-the ordinary losses, claims, and/or its

pattern of negligent and/or defective construction despite Debtor's having actual knowledge of numerous claims against it at or prior to the time Debtor tendered the aforementioned applications to Navigators. Pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011, and Eastern District of Pennsylvania Local Bankruptcy Rule 5011-1, Navigators submits this Brief in Support of its Motion to Withdraw the Reference to the Bankruptcy Court. For all of the reasons set forth below, the reference to the Bankruptcy Court should be withdrawn in this matter, which involves state law claims related to the rescission of insurance policies that are all "non-core."

## STATEMENT OF FACTS

Navigators issued a Commercial General Liability Policy to Debtor for the period of February 1, 2014 to February 1, 2015, bearing policy number NY14CGL123567IC (the "2014 Policy"). Navigators issued a Commercial General Liability Policy to Debtor for the period February 1, 2015 to February 1, 2016, bearing policy number IS15CGL123567IC (the "2015 Policy;" and together with the 2014 Policy, the "Policies").

In connection with the issuance of both the 2014 Policy and the 2015 Policy, Debtor submitted to Navigators applications for commercial insurance. Upon information and belief, Debtor made numerous misrepresentations and/or omissions from the applications regarding, inter alia, loss history, out-of-the ordinary losses, claims, and/or its pattern of negligent and/or defective construction.

Before and after the issuance of the Policies, hundreds of claims were asserted against Debtor. Despite having actual knowledge of numerous claims against it at or prior to the time Debtor tendered the aforementioned applications to Navigators, Debtor failed to disclose a substantial number of claims until after Navigators had issued both its Policies.

Debtor tendered certain claims (the "Tendered Claims") to Navigators under the Policies. Navigators resolved, defended, and/or continues to defend the Tendered Claims under a reservation of rights.

On May 12, 2017, Navigators filed in the Court of Common Pleas of Montgomery County, Pennsylvania a Complaint for Rescission and Declaratory Relief ("Complaint"), which action is styled *Navigators Specialty Insurance Company v. The Cutler Group Inc.* and is pending at Case No. 2017-09794 ("State Court Action"). The State Court Action contains three (3) counts and seeks rescission of the Policies in accordance with Pennsylvania law. In Count 1, Navigators seeks rescission of the 2014 Policy. In Count 2, Navigators seeks rescission of the 2015 Policy. In Count 3, Navigators seeks a declaratory judgment that it has no duty to defend under the Policies.

On November 3, 2017, Debtor filed an Answer, New Matter and Counterclaim. On November 24, 2017, Navigators filed a reply. The parties to the State Court Action had engaged in significant discovery by the time Debtor commenced its chapter 7 bankruptcy case.

On November 12, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). On the Petition Date, Gary F. Seitz, Esq. was appointed as the chapter 7 Trustee for the Debtor's estate. On April 22, 2019, a suggestion of bankruptcy was filed in the State Court Action.

On July 23, 2019, the Trustee filed a Notice of Removal of the State Court Action. D.I. 311. On July 31, 2019, the Bankruptcy Court granted Navigators' motion to lift the automatic stay as to the State Court Action. D.I. 327.

# LEGAL ARGUMENT

### I. ALL OF THE FACTORS TO BE WEIGHED BY THE DISTRICT COURT IN DECIDING THIS MOTION OVERWHELMING SUPPORT A WITHDRAWAL OF THE REFERENCE

The District Court should withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), as each of the factors to be considered by the District Court in making such a determination clearly weigh in favor of withdrawing the reference in this matter. Pursuant to 28 U.S.C. § 157(d)

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In determining whether to withdraw a reference to the Bankruptcy Court for cause, a District Court will consider several factors. The most important factor is whether the proceeding is "non-core." *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d. Cir. 1996); *In re Pelullo*, No. 96–MC–279, 1997 WL 535166, at * 2 (E.D.Pa. August 15, 1997) (noting that "keeping [a non-core bad faith claim against and insurer] proceeding in the bankruptcy court wastes judicial resources because the district court must review the bankruptcy court's proposed findings of fact and conclusions de novo.") *citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re Philadelphia Training Center Corp.*, 155 B.R. 109, 112 (E.D. Pa. 1993). The other factors to be considered include the most efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, prevention of forum shopping, economical use of the debtor's and litigant's resources, and expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

4

Each of the above factors weighs in favor of withdrawal of the reference from the Bankruptcy Court in this case.

### A. The Causes of Action in the State Court Action are all Non-Core.

In this case, Navigators' claims are "non-core," thereby satisfying the most important factor for withdrawal of the reference. In determining whether the District Court should withdraw a reference for cause shown, the issue of whether the proceeding is "core" or "non-core" is a threshold factor that must be considered. 28 U.S.C. §157(b); *In re Pelullo*, No. 96–MC–279, 1997 WL 535166, at * 2 (noting that whether the claim is "core" or "non-core" is "the most important factor in determining whether to withdraw a reference to the bankruptcy court"). A proceeding is a "core" matter under Section 157 if it invokes a substantive right provided for under the Bankruptcy Code or if it is a proceeding that could arise only in the context of a bankruptcy case. *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990); *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999); *see also In re Combustion Engineering Inc.*, 391 F.3d 190, 225 (3d Cir. 2004) (stating that "[c]ases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as 'core' proceedings; whereas proceedings 'related to' a case under title 11 are referred to as 'non-core' proceedings").

The claims in the State Court Action do not meet the criteria for a "core" matter as they are limited to allegations and claims seeking rescission of the pre-petition Policies under Pennsylvania state law, based entirely on prepetition conduct that are independent of and predate Debtor's bankruptcy estate. The State Court Action is not a proceeding that could only arise under title 11, and had been pending in Pennsylvania state court since 2017. Indeed, the courts in this District have consistently held that actions to determine rights to insurance are clearly "non-core" proceedings. *See., e.g. Beard, supra*, 914 F.2d at 445¬446; *In re G-I Holdings, Inc.*, 278 B.R. 725,

5

736-37 (Bankr. D.N.J. 2002) (insurance coverage action was non-core). *See also In re Nat'l Century Fin. Enters.*, 312 B.R. 344, 348 (Bankr. S.D. Ohio 2004) (rescission action was non-core).

### B. The Most Efficient Use of Judicial Resources Weighs in Favor of Withdrawing the Reference in this Matter Where Navigators Has Not Consented to the Issuance of Final Orders by the Bankruptcy Court.

As a non-core proceeding, the Bankruptcy Court may only make proposed findings of fact or law that are subject to *de novo* review by the District Court for final adjudication. *See Stern v. Marshall*, 564 U.S. 462, XXX, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), *Wellness Int'l Network Ltd., v. Sharif*, ––– U.S. ––––, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015). Any decision of the Bankruptcy Court would therefore result in an appeal to the District Court. This would waste judicial resources, result in duplicative briefing, and cause both parties to incur unnecessary expense. The Bankruptcy Court would also be burdened by having to make recommendations in this state law rescission action, as well as managing complex discovery issues and expert testimony, in addition to administering various complex bankruptcy and associated proceedings on its docket. Moreover, *de novo* review by the District Court would cause excessive delay, in combination with the delay associated with merely being in one of the busiest bankruptcy courts in the country. *See, e.g., In re Pruitt, supra*, 910 F.2d. at 1168.

### C. Other Factors Also Weigh in Favor of Withdrawing the Reference.

In determining whether a withdrawal of the reference is proper, courts consider additional factors: (1) whether withdrawal would promote the uniformity of bankruptcy administration; (2) whether withdrawal has been requested as a means of forum shopping; and (3) whether the motion to withdraw has been made in a timely matter. *See, e.g., In re Pruitt, supra*, 910 F.2d. at 1168. Once again, these factors also weigh in favor of the withdrawal of the reference.

6

The fact that there are no bankruptcy issues involved in the State Court Action, simply issues of state law related to the rescission of insurance policies, means keeping this case in the Bankruptcy Court will not "promote the uniformity of bankruptcy administration." Further, issues related to insurance contract rescission and insurance coverage are typically matters reserved for either the state courts or the United States District Courts as such actions do not arise under title 11 of the United States Code.

Withdrawal of the reference is consistent with this Court's disapproval of forum shopping. Because the causes of action set out in the State Court Action are non-core, the chapter 7 trustee is aware that absent consent of Navigators, the Bankruptcy Court may not enter final orders and that the State Court Action is subject to *de novo* review. Removal of this action to the Bankruptcy Court is an attempt by the chapter 7 trustee to forum shop by seeking removal of this action to a court that he believes might be more favorable to the estate but that lacks final authority to rule on the causes of action at issue.

With respect to timeliness, Navigators has made this motion for withdrawal in a timely fashion. Since the Notice of Removal was filed, there have been no substantive hearings on the State Court Action before the Bankruptcy Court.

(The remainder of this page left intentionally blank)

WHEREFORE, Navigators Specialty Insurance Company respectfully requests that this Court enter an order: (i) withdrawing the reference to the Bankruptcy Court and (ii) granting such other relief as is just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 5, 2019 | */s/ Julian E. Neiser* |
|  | Julian E. Neiser (PA I.D. 87306) |
|  | Spilman Thomas & Battle, PLLC<br>301 Grant Street, Suite 3440<br>Pittsburgh, PA 15219 |
|  | Telephone: (412) 325-1116<br>jneiser@spilmanlaw.com |
|  | *Counsel to Navigators Specialty Insurance Company* |

8

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Misc. No. _____ |
| | ) | |
| HUDSON PALMER HOMES, INC. f/k/a THE CUTLER GROUP, INC., | ) ) ) | Chapter 7 |
| Debtor. | ) | Bankruptcy Case No. 18-17509 (JKF) |
| | ) | |
| NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-00146 (JKF) |
| v. | ) | |
| HUDSON PALMER HOMES, INC., f/k/a THE CUTLER GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Julian E. Neiser, hereby certify that on September __, 2019, I have caused this hereby certify that the **Motion of Navigators Specialty Insurance Company for Withdrawal of Reference and Brief in Support** was electronically filed on this date; it is available for viewing and downloading on the Court's CM/ECF system; and it has been served on the following via the Court's CM/ECF system:

Gary F. Seitz
Gellert Scali Busenkell & Brown LLC
8 Penn Center
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103
Email: gseitz@gsbblaw.com

George M. Conway
United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107
Email: george.m.conway@usdoj.gov

SPILMAN THOMAS & BATTLE, PLLC

/s/ Julian E. Neiser

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Misc. No. _____ |
| | ) | |
| HUDSON PALMER HOMES, INC. f/k/a THE CUTLER GROUP, INC., | ) ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Bankruptcy Case No. 18-17509 (JKF) |
| | ) | |
| NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-00146 (JKF) |
| | ) | |
| v. | ) | |
| | ) | |
| HUDSON PALMER HOMES, INC., f/k/a THE CUTLER GROUP, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT

AND NOW, this ____ day of _____, 2019, upon consideration of Motion of Navigators Specialty Insurance Company's ("Navigators") for Withdrawal of Reference; and the Court having considered the papers submitted in opposition thereto, if any; and oral argument, if any, having been heard; and good cause appearing:

It is hereby **ORDERED** that Navigators' Motion be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the reference of this adversary proceeding to the United States Bankruptcy Court for the Eastern District of Pennsylvania is hereby **WITHDRAWN.**

_____